2002 Defender Habeas Book                    **Court Forms for Indigent Petitioners**   *19*.

APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 BY A
PERSON IN STATE CUSTODY

| United States District Court | Eastern District of Michigan | |
|---|---|---|
| Name: MARCUS JACKSON | Inmate Number: 195116 | Case Number (official use only) |
| Place of Incarceration: Kincross correctional facility 16770 water tower DR. Kincheloe, MI. | | 49788 |
| Name of Petitioner (Include the name under which you were incarcerated)     Name of Respondent (authorized person having custody over you) | | |
| MArcus JAckson               vs. Linda M. Metrish/warden | | |
| The Attorney General of the State of: Michael Cox | | |

**PETITION**

1.  Name and location of court which entered the judgement of conviction under attack:

    Third Circuit Judicial Court of Michigan - TCN-01-2307

2.  Date of judgment of conviction:

    September 19, 2001

3.  Length of Sentence: Life; 20yr to 30yr; 15 to 30 yr; 2yr; 3 to 5 yr.

4.  Nature of offense involved (all counts):

    Felony Murder; Assault with intent to murder;
    Robbery Armed; Felony Firearm; weapons
    firearms possession By falon.

5.  What was your plea? (check one)

    (a)  Not guilty      ☒

    (b)  Guilty          ☐

    (c)  Nolo contendere ☐

    Case: 2:06-cv-15464
    Assigned To: Friedman, Bernard A
    Referral Judge: Pepe, Steven D
    Filed: 12-11-2006 At 11:49 AM
    HC JACKSON VS METRISH (LE)

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

    _____

    _____

    _____

111

**Court Forms for Indigent Petitioners**           Defender Habeas Book 2002

6.      If you pleaded not guilty, what kind of trial did you have?  (check one)

      (a)     Jury      ☒
      (b)     Judge    ☐

7.      Did you testify at the trial?

      Yes   ☒         No   ☐

8.      Did you appeal from the judgment of conviction?

      Yes   ☒         No   ☐

9.      If you did appeal, answer the following:

      (a)     Name of court: _Michigan Court of Appeals_

      (b)     Result: _Affirmed my Conviction_

      (c)     Date of result and citation, if known: _March 18, 2003   NO. 237766_

      (d)     Grounds raised: _Defendant's conviction obtained by use of unlawfully obtained Custodial statement; Conviction obtained by unlawful conduct of the prosecutor._

      (e)     If you sought further review of the decision on appeal by a higher state court, please answer the following:

          (1)     Name of court: _Michigan Supreme Court_

          (2)     Result: _Denial of Leave to Appeal_

          (3)     Date of result and citation, if known: _September 29, 2003   NO. 123837_

          (4)     Grounds raised: _The same grounds were raised in Leave to Appeal as those on Direct Appeal._

      (f)     If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

          (1)     Name of court: _____

          (2)     Result: _____

          (3)     Date of result and citation, if known: _____

          (4)     Grounds raised: _____

10.     Other than a direct appeal from judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

      Yes   ☒         No   ☐

112

2002 Defender Habeas Book                           **Court Forms for Indigent Petitioners**

11.  If your answer to 10 was "yes", give the following information:

    (a)    (1)    Name of court: <ins>Third Circuit Judicial Court of Michigan</ins>

            (2)    Nature of proceeding: <ins>Motion For Relief from Judgment 6.500;</ins>
<ins>Motion for an Evidentiary Hearing;</ins>
<ins>Motion for Discovery of Records.</ins>

            (3)    Grounds raised: <ins>Conviction obtained due to the denial</ins>
<ins>of effective assistance of Counsel; Conviction</ins>
<ins>obtained by the aid of the prosecutors</ins>
<ins>unlawful conduct.</ins>

            (4)    Did you receive an evidentiary hearing on your petition, application, or motion?

                  Yes ☐          No ☒

    (b)    As to any second petition, application, or motion give the same information:

            (1)    Name of court: _____

            (2)    Nature of proceeding: _____

            (3)    Grounds raised: _____

            (4)    Did you receive an evidentiary hearing on your petition, application, or motion?

                  Yes ☐          No ☐

    (c)    Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

            (1)    First petition, etc.    Yes ☒    No ☐

            (2)    Section petition, etc.    Yes ☐    No ☐

    (d)    If you did *not* appeal from the adverse action on any petition, application, or motion explain briefly why you did not: _____

113

12. State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

**CAUTION**: In order to proceed in the federa l court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)     Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)     Conviction obtained by the use of coerced confession.

(c)     Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)     Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)     Conviction obtained by a violation of the privilege against self-incrimination.

(f)     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)     Conviction obtained by a violation of the protection against double jeopardy.

(h)     Conviction obtained by action of a grand or petit jury which was unconstitutional selected and impaneled.

(i)     Denial of effective assistance of counsel.

(j)     Denial of right of appeal.

(A)     Ground one: Conviction obtained by use of unlawfully obtained Custodial statement.

Supporting FACTS (tell your story *briefly* without citing cases or law: Defendant's fifth Amendment rights were violated where He had invoked his right to counsel during interrogation. Where the initial interrogation stopped but then other interrogations followed. (See pgs.)

(B)     Ground two: Conviction obtained by unlawful conduct of the prosecutor

Supporting FACTS (tell your story *briefly* without citing cases or law: The prosecutor committed several errors, the first being, asking the Defendant to assess the credibility of states witness, later vouching for state witness. (See additional pages)

(C)     Ground three: Defendant was denied effective assistance of Trial and Appellate counsel.

Supporting FACTS (tell your story *briefly* without citing cases or law: Trial attorney failed to prepare and investigate; failed to file motion; failed to interview and call witnesses; failed to obtain and present exculpatory evidence; failed to impeach witness false testimony. (See pgs.)

114

4

12.  (A) Cont...           GROUND   ONE

I.

DEFENDANT'S INCRIMINATING STATEMENT SHOULD HAVE BEEN SUPPRESSED
WHERE THE EVIDENCE THAT HE WAS HELD INCOMMUNICADO AND INVOKED HIS
RIGHT TO COUNSEL WAS COMPLETELY UNCONTRADICTED AND THE POLICE
REINITIATED INTERROGATTION AFTER INVOCATION OF THE RIGHT TO
COUNSEL.

Petitioner Marcus Jackson is being unconstitutionally imprisoned
by Linda M. Metrish, Warden of Kinross Correctional Facility
on the grounds that during his trial his Fifth Amendment Rights
under the United States Constitution were violated where an
alleged confession obtained by an officer of the Detroit Homicide
Department was admitted into his trial.

On Petitioner's direct appeal the issue was heard by the Michigan
Court of Appeals where the court ruled that it was aware that
the trial court did not fully address the issue, where the
record clearly demonstrates statement should have been suppressed
however the court would not make the necessary rulings because
the statement even if erroneous, was harmless beyond reasonable
doubt in light of the other evidence presented at trial.

4-A

Petitioner contends, Such rulings was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, where the record clearly demon-strates the evidence used to make ruling was completely cont-radicted by the defense presented at trial.  Such ruling makes the Court of Appeals decision an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.

II.

### THE PROSECUTOR FAILED TO SUSTAIN HIS BURDEN OF PROOF ON THE ISSUE THAT DEFENDANT'S STATEMENT WAS INVOLUNTARY AS A RESULT OF  A PROMISE OF LENIENCY.

Petitioner Marcus Jackson contends, he is being unconstitution-ally imprisoned where during his trial his Fifth Amendment rights were violated although the United States Constitution states he is afforded such rights.

Such contention is made due to the fact that the prosecutor failed to sustain his burden of proof on the issue that Defendants statement was involuntary as a result of a promise of leniency.

On Petitioner's direct appeal such issue was heard by the Michigan Court of Appeals where the Court ruled that, in the interest of judicial expediency the court would not resolve issue based off the ruling it made on the previous issue that such error was harmless in light of the overwhelming evidence.

4-B

Petitioner contends, the Michigan Court of Appeals decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings where such ruling involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States.

12. (B), CONT...

GROUND TWO

Petitioner contends, he is being unconstitutionally imprisoned where during his trial he was denied his due process right to a fair trial due to the prosecutor's improper conduct during his cross-examination of Defendant and during his argument where the prosecutor commited such error, of violating the fundamental rule prohibitng him from asking Defendant to comment on the credibility of another witness.

The prosecutor made the knowing error of asking Defendant if police officer that was a prosecution's witness was lying on the stand before the jury. In addition the prosecutor, without any evidentiary basis and with no appaeent good faith also insinuated that Defendant's other automobiles were all stolen cars. This type of prejudicial innuendo serves no purpose other than the Defendant's due process rights to a fair trial.

4-C

The prosecutor , yet again took advantage of his improper questions to the Defendant asking him whether investigator Simon's testimony could be characterized as perjerous while simultaneously engaging in impermissible vouching Simon's testimony.

During Petitioner's direct appeal, although the prosecutor conceded knowing that it was improper to to question Defendant whether the police officers were lying in their testimony, the Court ruled that error was not reversal where Defendant handled the questioning well.

The Court of Appeals decision resulted from an unreasonable determination of the facts in light of the facts presented in the State Court proceedings where such ruling involved an un-reasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States  supreme Court. Such ruling was made although it cannot honestly be suggestedthat Defendant handled the prosecutor's improper tactics sufficiently just because he had to answer the questions. Such actions does not adequately mask the prejudice of the eror.

4-D

12.   (C), Cont...

### GROUND   THREE

DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT
TO A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE
OF TRIAL COUNSEL WHERE COUNSEL FAILED TO
INVESTIGATE AND FILE MEANINGFUL PRETRIAL
MOTIONS.

Trial attorney, Richard Cunningham was appointed to represent Defendant in a first degree felony murder trial, case no. 01-2307, formwerly case no.99-6197. Counsel visited Defendant at the Wayne County Jail where Defendant informed him of critical issues and details of the case because counsel was not first attorney appointed. During counsels vist Defendant provided attorney with the identities and information of witnesses that would confirm his innocence that should be called, as well as evidence which should be obtained in order to prepare his defense. In addition, Defendant also informed counsel there was a Walker hearing conducted to suppress alleged statement that was denied under former case no. 99-6197. Defendant informed attorney that he had asked former attorney to relitigate motion, where Judge told attorney, "he could remotion after he recieved his discovery, (TR. 5-12-2000,Pg. 3-4).[7] Attorney Cunningham left visit after informing defendant he would look into those matters presented.

4-E

In the present issue, Defendant-Appellant contends, trial attorney committed a serious mistake by failing to file motion to suppress statement allegedly made by Defendant. Attorney failed to investigate claim that Judge informed former attorney he could relitigate motion, where attorney Cunningham later stated, "he could not refile motion because once Judge made ruling under former case no. 99-6197, issue was considered closed.'

had counsel investigated factual basis provided he would have come to realize through investigation that basis to relitigate motion was meritorious where there was no hint or suggestion in the record that Defendant initiated further communication with officers after invoking his Miranda Rights.

The record clearly indicates that Judge never made a ruling to the invocation of Defendants' Fifth Amendment Right to counsel. Completely ignored uncontradicted evidence presented by defense and denied motion. The ruling ignored a clear violation of Defendants' Fifth Amendment rights under the United States Constitution. Defense counsel reminded Judge, in argument, that "its uncontested that defendant asked for a lawyer", (TR. 9-24-99,Pg.76). Counsel emphasized that, "The People never offered officer Littlejohn as a witness.' Id. at 76. neither the prosecution nor the Court responded. (Id. at 77-78).

The Court of appeals decision involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States onIssues I-VI of Ground Three. The Court refused to take note that Appellate attorney was ineffective for his failure to raise issues on petitioner's direct appeal.

4-F

## DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO INTERVIEW AND CALL EXCULPATORY WITNESSES.

Defendant-Appellant contends, trial attorneys failure to investigate or call exculpatory witnesses who had direct information that would confirm his innocence denied Defendant his Sixth Amendment right to recieve effective assistance of counsel and a right to a fair trial.

Defendant provided counsel with the identities and information of witnesses he should interview. Counsel informed Defendant he would contact witnesses Defendant provided information to, the others would need a private investigator to subpoena. The night before trial, Defendant called counsel about potential witnesses where counsel stated, "the trial was going to come down to Defendants statement and photos from the crime scene, ant thats what im going to concentrate on."

Counsel's failure to interview and call exculpatory witnesses denied Defendant of his defense and his right toeffective assistance of

counsel.
counsel,
The Court of Appels decision involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States.

4-6-

DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO INVESTIGATE, OBTAIN AND PRESENT KNOWN EXCULPATORY EVIDENCE.

As asserted, Defendant-Appellant informed counsel of exculpatory evidence of vehicle to obtain and present. Evidence a reasonable investigation by counsel that would have negated evidence the prosecutor adduced at trial.

The record clearly demonstrates Defendant in fact made counsel aware of such exculpatory evidence. In counsels opening argument, he theorized details to jury of such evidence of vehicle they could expect to be presented from information provided by Defendant. In addition, the record also demonstrates, counsel was in fact aware that 'hidden vin numbers' of vehicle were exculpatory where counsel's primary defense was that Defendant could not have been assailant because Defendant did not take possession of vehicle matching description from crime scene until after date of himicide. In counsel's opening argument he states: (I 193-195)

Counsel's failure to investigate and present exculpatory evidence of such vehicle not only denied Defendant his defense, it ultimately allowed the prosecutor the advantage of capatilizing of inaccurate and unreliable evidence.

DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO
EFFECTIVE ASSISTANCE OF COUNSEL BY VIRTUE OF TRIAL
ATTORNEYS FAILURE TO REVIEW DISCOVERY MATERIALS
AND FAILURE TO USE RECORDS TO IMPEACH WITNESS.

As asserted, Defendant-Appellant provided counsel with contradicting police statement of witness, along with preliminary testimony showing the contradiction between the two.

Witness Greer's statement made moments after homicide contained a particular question of consequence to this issue: Id.

Q: Did you see what direction he ran?

A: He ran out and went left, Some people said it was a car waiting for him, BUT I DON'T KNOW.

witness statement to police was relevant to Defendant's defense where she repeatedly testified, she had seen Defendant leave the scene and get into a parked black Grand Prix. (II 31,L.6-11); (II 51,L.8-14); (II 60,L.10-15). Counsel breached his duty to investigate and prepare for trial by failing to familiarize discovery materials, and use such records to impeach witness.

4-I

DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT
TO A FAIR TRIAL DUE TO THE CUMULATIVE EFFECT
OF ERRORS MADE BY COUNSEL.

Defendant-Appellant contends, he was denied effective assistance of counsel where counsel's errors, in combination, effectively deprived Defendant of a meaningful defense and further denied Defendant of his Sixth Amendment right of a fair trial. Errors identified are fundamental of the severe damage of Defendant's defense:

1) COUNSEL FAILED TO INVESTIGATE AND PREPARE FOR TRIAL;
2) COUNSEL FAILED TO FILE TWO MEANINGFUL PRETRIAL MOTIONS;
3) COUNSEL FAILED TO INTERVIEW AND CALL EXCULPATORY WITNESSES;
4) COUNSEL FAILED TO OBTAIN AND PRESENT EXCULPATORY EVIDENCE;
5) COUNSEL FAILED TO REVIEW DISCOVERY MATERIALS AND USE RECORDS TO IMPEACH WITNESS.

In the present case, but for counsel's combined errors, Defendant would have presented an overwhelmingly stronger case considering the totality of the evidence that a reasonable investigation would have allowed counsel to put forth, as weighed against the evidence the prosecution would have actually adduced. There is a reasonable probability that, absent such errors, the jury would have had a reasonable doubt regarding Defendant's guilt.

4-5

DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL
RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL,
WHERE COUNSEL FAILED TO RAISE MERITORIOUS CONSTITUTIONAL
ISSUES DURING DEFENDANT'S APPEAL OF RIGHT

Following Defendant-Appellants, conviction and sentence he was appointed appellate Attorney Robert Morgan.

On the date of March 6, 2002, defendant wrote a letter to attorney Morgan informing counsel of error's that occurred at trial that must be considered on direct appeal.

On June 9 2002 attorney Morgan visited Defendant at St. Louis Correctional Facility, where Defendant and attorney Morgan discussed issues to raise on appeal of right. At this visited attorney Morgan requested that "I want you to prepare all information and send it to me." He further stated "No one ever wins an ineffective assistance of counsel claim."

On June 14 2002, Defendant sent such information requested by attorney as wells as requesting appellate attorney to file for evidentiary hearing regarding ineffective assistance of trial counsel.

On July 1, 2002 Defendant received a copy of appellate counsel brief on appeal, which did not included issues previously discussed during Defendant and Appellate counsel's visit.

Defendant contends, appellate counsel failure to raise meritorious issues during defendant appeal of right denied defendant his Due Process to consult and submit issue on his appeal of right, which created a manifest injustice to defendant right to appeal.

4-A

(D)    Ground four: The Prosecutor's unlawful conduct helped to aid the conviction of Defendant.

Supporting FACTS (tell your story *briefly* without citing cases or law: The Prosecutor had a witness to testify falsely. The prosecutor had a duty to let the court, jury and Defendant know of this testimony, yet he failed to correct this witness false testimony.

(13)   If any of the grounds listed in 12 A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:

(14)   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes  ☐          No  ☒

(15)   Give the name and address, if known, of each attorney who represented you in the following states of the judgment attacked herein:

1.   At preliminary hearing: Richard Cunningham 9311 E. outer Drive Detroit, Mi, 48213

2.   At arraignment and plea: (Same Attorney)

3.   At trial: (Same Attorney)

4.   At sentencing: (Same Attorney)

5.   On appeal: Robert Morgan 615 Griswold Sta 1125 Det, Mi, 48226 (Appt).- Cha Kerage II-Retained- Moved.

6.   In any post-conviction proceeding: No

7.   On appeal from any adverse ruling in a post-conviction proceeding: No

THE PROSECUTOR VIOLATED DEFENDANT'S STATE AND
FEDERAL CONSTITUTIONAL DUE PROCESS RIGHTS  TO
A  FAIR  TRIAL  WHERE  HE  RELIED  ON  FALSE
TESTIMONY TO GAIN A CONVICTION OF DEFENDANT.

During trial, witness Greer repeatedly testified, she had seen the Defendant leave the scene and get into a parked Grand Prix, (II 31,L.6-11); (II 51,L.8-14); (II 60,L.10-15). She waited at scene and gave a statement to police, (II 35,L.2-3). However, witness statement made moments after homicide clearly contradicts her trial testimony. Such statement contains a particular question of consequence to this issue:

> Q: Did you see what direction he ran?
>
> A: He ran out and went left, some people said it
>    was a car waiting for him, but I don't know.

A review of the record demonstrates that witness testimony made in open court was more than a mere inconsistency of her statement made to police, it reveals witness testimony was obviously false. Arresting officer O'rourke testified, description of vehicle was provided by Mr. Walter Brown (II 124,L.13-18). He did not put information recieved into a police report, he conveyed information to the responding unit for the run, (III 10,L.14-18). He did not convey information to anyone else besides officers Claybourne and Robinson, (III 11,L.1-4).

The prosecutors failure to correct witness false testimony denied Defendant his State and Federal Due Process Rights to a fair trial.

5-A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

    Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ☐    No ☒

    1. If yes, give name and location of court which imposed sentence to be served in the future:

       _____

       _____

    2. Give date and length of the above sentence:

       _____

       _____

    3. Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

       Yes ☐    No ☐

Wherefore, Movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

December 3, 2006
Date

_____
Signature of Movant

AAO241 (Rev. 3/00)

116

# CIVIL COVER SHEET FOR PRISONER CASES

*KA.*

| Case No. 06-15464 | Judge: Bernard A. Friedman | Magistrate Judge: Steven D. Pepe |
|---|---|---|

| **Name of 1st Listed Plaintiff/Petitioner:**<br><br>MARCUS JACKSON | **Name of 1st Listed Defendant/Respondent:**<br><br>LINDA METRISH |
|---|---|
| **Inmate Number:**   185116 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br><br>Kinross Correctional Facility<br><br>16770 S. Watertower Drive<br>Kincheloe, MI 49785<br>CHIPPEWA COUNTY | |

**BASIS OF JURISDICTION**
 ☒ 3 Federal Question

**NATURE OF SUIT**
 ☒ 530 Habeas Corpus
 ☐ 540 Mandamus
 ☐ 550 Civil Rights
 ☐ 555 Prison Conditions

**ORIGIN**
 ☒ 1 Original Proceeding
 ☐ 5 Transferred from Another District Court
 ☐ Other:

**FEE STATUS**
 ☒ IFP *In Forma Pauperis*
 ☐ PD Paid

---

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?
   ☐ Yes          ☒ No
   ➢ If yes, give the following information:

   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes          ☒ No
   ➢ If yes, give the following information:

   Court: _____
   Case No: _____
   Judge: _____